**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108924

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAROLD J KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

HAROLD J KELLY (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NATIONWIDE CREDIT, INC. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Allentown, Pennsylvania.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

19. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

20. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

21. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

22. Here, Defendant's letter states, "Current Creditor Name: RMAC 2007-2."

23. Plaintiff is unaware of an entity "RMAC 2007-2."

24. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

25. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

26. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

27. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

28. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

29. The least sophisticated consumer would likely be deceived by Defendant's conduct.

30. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

31. Defendant has violated § 1692e by using a false, deceptive and misleading

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

representation in its attempt to collect a debt.

## SECOND COUNT
## Violation of New York General Business Law § 349

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

34. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

35. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

36. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

37. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

38. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

39. Plaintiff is a reasonable consumer.

40. Defendant's conduct would mislead a reasonable consumer.

41. Defendant engaged in a material deceptive act or practice as described herein.

42. Defendant's conduct caused plaintiff to suffer injury.

43. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.    Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

    b.    Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c.    Damages against Defendant pursuant to NYGBL § 349; and

    d.    Plaintiff's actual damages; and

    e.    Plaintiff's costs; all together with

    f.    Such other relief that the Court determines is just and proper.

DATED: May 19, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108924

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5